**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| THOMAS C. SOURAN,<br>        Plaintiff,<br><br>v.<br><br>CREATIVE WHOLESALE MEATS,<br>INC.; BARRY SCHWARTZ,<br>STEPHEN LAITMAN,<br>        Defendants. | Case No. 1:17-cv-01156-JES-JEH |

**Order**

The Plaintiff, Thomas C. Souran, filed a Complaint on April 17, 2017, including Defendants Creative Wholesale Meats, Inc., Barry Schwartz, and Stephen Laitman.  (D. 1)[1]  The Plaintiff's Complaint does not sufficiently allege a basis for subject matter jurisdiction with this Court.

The Court may *sua sponte* raise the issue of federal subject matter jurisdiction.  *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted).  The Court presumes the Plaintiff intends to allege jurisdiction based on diversity of citizenship.  This requires that the citizenship of all plaintiffs be diverse from the citizenship of all defendants, and the amount in controversy be in excess of $75,000.  See 28 U.S.C. §1332.

Parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party, not the residence.  See *Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994).  The Seventh Circuit has repeatedly warned that an allegation

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

of residency is insufficient to invoke federal subject matter jurisdiction. *See*, *e.g.*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000); see also *Page v. Wright*, 116 F2d 449, 451 (7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence"). Lastly, a complaint based on diversity jurisdiction must allege the state of incorporation and principal place of business for each of the named corporations, and those allegations must be based on the state of things at the time the action was brought. 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004).

The Plaintiff's Complaint does not allege the citizenship of any of the parties or the state of incorporation and principal place of business for the named corporation. Therefore, the Plaintiff's Complaint is not sufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on April 19, 2017.


<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE